IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:04-CR-82-4H
No. 7:08-CV-200-H

| | | |
|---|---|---|
| TIMOTHY N. RHODES, | ) | |
| Petitioner, | ) ) ) ) ) ) | |
| V. | ) | **ORDER** |
| | ) ) ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

This matter is before the court on the government's motion to dismiss petitioner's motion to vacate brought pursuant to 28 U.S.C. § 2255. Petitioner has responded and has also filed two motions to amend his § 2255 petition. These matters are ripe for adjudication.

### BACKGROUND

Petitioner was charged on June 17, 2004, in a sealed indictment, on three drug counts. On August 19, 2004, a superseding indictment was filed. On May 10, 2005, this court ordered petitioner remanded to the Bureau of Prisons for a psychiatric evaluation. Following a number of extensions entered in order to complete the evaluation, the court entered an order finding petitioner competent to proceed and understand

his actions. Petitioner pled guilty pursuant to a plea agreement on August 7, 2006. On April 4, 2007, this court sentenced petitioner to a term of imprisonment of 324 months. Petitioner's appeal was dismissed by the Fourth Circuit on March 27, 2008. See United States v. Rhodes, No. 07-4446 (4th Cir. Mar. 27, 2008). Petitioner then filed the instant motion to vacate on November 21, 2008.

In his motion, petitioner claims that his counsel was ineffective for failing "to perfect a meaningful defense of insanity." He also claims that his plea was involuntary because it "was induced by counsel's faulty legal advice and counsel's coercion." Finally, petitioner alleges that his second counsel failed to move to withdraw his plea of guilty in light of his "mental issues."

To prove ineffective assistance of counsel, petitioner must satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A

2

reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The record shows that petitioner's counsel thoroughly pursued investigation of petitioner's competency. Prior to entry of his guilty plea, petitioner was committed to the Federal Bureau of Prisons for a mental examination. The BOP filed a report which fully reviewed petitioner's mental status and concluded that although there was evidence of mental illness, there was also significant malingering and gross examination.

Subsequently, this court ordered another mental examination which also concluded that petitioner was not suffering from a mental illness to the degree that he did not have the ability to understand and assist in his own defense. Petitioner's "mental issues" were evaluated twice. These reports were the bases for this court's determination of competency. Petitioner has not shown that counsel failed to investigate his competency. Therefore, petitioner's first claim is without merit.

As to the voluntariness of petitioner's plea, absent clear and convincing evidence, petitioner is bound by his statements to this court at his Rule 11 hearing. See Little v. Allsbrook, 731 F.2d 238, n.2 (4th Cir. 1984). Petitioner has not presented any evidence to satisfy either prong of the Strickland standard. Merely because petitioner is unhappy with the sentence he

3

received does not show that his counsel was ineffective. Therefore, petitioner has not shown his counsel was ineffective in relation to the guilty plea, and petitioner's second claim is also without merit.

Next, petitioner alleges that his second counsel was ineffective for failing to move to withdraw his guilty plea. His claim rests on his allegations that his plea was not knowing or voluntary. Yet, because petitioner has not shown evidence that his plea was unknowing or involuntary, he cannot show that his counsel was ineffective for failing to withdraw his plea.

Petitioner also filed a motion to amend his § 2255 motion along with a copy of the proposed amended motion. The court, pursuant to Rule 15 of the Federal Rules of Civil Procedure GRANTS petitioner's motion to amend [DE #214] and hereby considers the amended motion to vacate. [DE #215].

In his amended motion, petitioner alleges the his counsel was ineffective for failing to adequately explain the plea agreement and appeal waivers contained therein as well as failing to adequately explain his sentencing exposure. The court has already addressed these arguments within petitioner's allegations regarding the voluntariness of his plea. Petitioner's amended motion does not bring forth any new evidence which changes the outcome of his claim.

4

Petitioner's amended motion also alleges that his counsel was ineffective for failure to object to aggregation of drug quantity for sentencing purposes. A review of the record reveals that petitioner's counsel did object to the quantity of crack cocaine attributed to petitioner in the presentence report. The fact that petitioner's counsel was unsuccessful in raising that objection does not yield him ineffective. This allegation is also without merit.

Finally, petitioner's amended motion alleges that his counsel was ineffective for failing to properly argue for a reduction based on the unconstitutional disparity of the crack cocaine guidelines. Petitioner can show no prejudice as to this issue, as petitioner filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582 regarding this same issue. His motion was denied by this court on August 20, 2009. Petitioner was deemed ineligible for the reduction because the amount of crack cocaine involved exceeded 4500 grams. Therefore, petitioner cannot show that the result of the proceeding would have been different, and petitioner's claim is without merit.

On July 6, 2010, petitioner filed a motion for leave to supplement his amended motion. The court has carefully reviewed this motion and DENIES his motion to amend as futile [DE #248]. Petitioner once again seeks to argue that his counsel was ineffective for failing to object to the drug quantity for which

he was held accountable based on relevant conduct. As discussed supra, these allegations are without merit. He also attempts to couch the same argument in due process terms, but hiding his drug quantity argument under the term "due process" adds no validity to the argument.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED, and petitioner's motion to vacate is DENIED. Petitioner's first motion to amend is GRANTED [DE #214], and his second motion to amend [DE #248] is DENIED as futile. Finding no substantial issue for appeal concerning the denial of a constitutional right, a certificate of appealability is not issued. The clerk is directed to close this case.

This 17th day of December 2010.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26