IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:04-CR-82-4H

UNITED STATES OF AMERICA,   )
                            )
                            )
                            )
      v.                    )
                            )              **ORDER**
                            )
TIMOTHY NICHOLAS RHODES     )
                            )
      Defendant.            )
                            )

This matter is before the court on defendant's motion for compassionate release [DE #328]. Defendant, through counsel, filed a memorandum in support as well as a sealed exhibit in support of his motion. [DE #331, #332, #334.] The government has responded in opposition [DE #336]. The court has reviewed all these filings and other relevant documents in the record. This matter is ripe for adjudication.

### BACKGROUND

Defendant, who is approximately 40 years old, moves for compassionate release based on the COVID-19 pandemic and his underlying health conditions.

On August 7, 2006, defendant pled guilty, pursuant to a written plea agreement, to two counts of distribution of more than

five grams of cocaine base. On April 4, 2007, this court sentenced defendant to a term of imprisonment of 324 months to be followed by five years of supervised release. On October 1, 2015, his sentence was reduced to 262 months, and on July 2, 2019, pursuant to the First Step Act, Count 5 was reduced to 240 months, and count six was reduced to 22 months, but to run consecutively, resulting in the total sentence remaining 262 months. His supervised release term was reduced to 3 years on both counts, to run concurrently. He is currently incarcerated at Coleman Low FCI and his projected release date is March 13, 2024.

## COURT'S DISCUSSION

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that—

 (1) in any case—

 (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

> defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment. . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.] 18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered. . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2

3

(D. Md. July 28, 2020) (alteration in original) (citation omitted). The court will also consider post-sentencing conduct, including evidence of rehabilitation. United States v. Nabaya, 2021 WL 54361, at * 3 (E.D.Va. Jan. 6, 2021).

The government does not challenge that defendant has met the exhaustion requirement. Defendant requested compassionate release from the Warden on May 6, 2020, and the request was denied on June 1, 2020. The court can consider defendant's motion because "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

As to defendant's underlying medical conditions, defendant suffers from gastro-esophageal reflux disease with esophagitis/esophageal stricture. He has difficulty swallowing, and this condition requires he be dilated several times a year to control his esophageal strictures. [DE #332]. He suffers from epilepsy and peripheral neuropathy. He is six feet tall and weighs 230 pounds, meaning he is considered obese with a body mass index of 31.2. Additionally, he is being treated for mental health disorders, responding well to his prescribed medications. [Id.]

The government disputes whether defendant can establish extraordinary and compelling circumstances for his release. Defendant has not shown a strong connection between his particular medical conditions and susceptibility to severe COVID-19 disease. However, even if the court assumes defendant has shown extraordinary and compelling circumstances, the 3553(a) factors weigh against granting compassionate release. See United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020) (stating that § 3582(c)(1)(A) requires district courts to determine "if the § 3553(a) factors merit [compassionate release]").

Defendant has served approximately 16 years in prison, during which time has obtained his GED, taken a variety of educational and personal development programs, and worked at various positions within BOP. [DE #331, Ex. A—Progress Report.] He is presently assigned to kitchen duty, where he enjoys cooking. To his credit, he has served as an inmate suicide watch companion. However, while he has maintained clear conduct since July 2019, he has had nine incident reports during his incarceration, including refusing work assignments, possessing intoxicants, refusing to obey an order, refusing to take an alcohol test, and use of drugs/alcohol. While the reports involving substances were more than a decade ago, the refusing work assignment reports were relatively recent.

Defendant has an extensive criminal history, evidenced by his being assigned a Criminal History Category V at sentencing. Taking

5

into account all the 3553(a) factors and defendant's post-sentencing conduct, including but not limited to the seriousness of defendant's convictions, his extensive criminal history, his disciplinary issues while incarcerated, and the need for just punishment, the court finds that even if the court found defendant had shown extraordinary and compelling circumstances, these factors weigh against compassionate release.

## **CONCLUSION**

Therefore, having considered all the appropriate factors, in its discretion, the court denies defendant's motion for compassionate release.

This  31st  day of March 2021.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26